UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 15-cv-23447

TEMIKA KNIGHTON,

    Plaintiff,

vs.

TPUSA, INC. d/b/a. TELEPERFORMANCE GROUP, INC.,
a Florida Profit Corporation

    Defendants.
_____/

## JOINT PLANNING AND SCHEDULING REPORT

Plaintiff, TEMIKA KNIGHTON, and Defendant, TPUSA, INC., by and through their respective undersigned counsel and pursuant to Rule 16.1(b), Local Rules for the Southern District of Florida ("S.D. Fla. L.R.") and the Court's Order Setting Initial Planning and Scheduling Conference [ECF No. 6], hereby submit this Joint Planning and Scheduling Report.

1. **Plain Statement of the Nature of the Claim**

Plaintiff's two-count Complaint alleges claims for FMLA Interference (Count I) and FMLA Retaliation (Count II). Plaintiff seeks, $40,740.00 in back wages plus an equal amount in liquidated damages.

Defendant disputes both claims in the Complaint and asserts that it had a legitimate business reason for terminating Plaintiff's employment.

2. **A Brief Summary of Uncontested Facts**

    a.    Plaintiff was previously employed by Defendant from June 25, 2012 through December 13, 2013, when her employment was terminated.

    b.    Plaintiff became pregnant during her employment with Defendant.

3. **A Brief Summary of the Issues Presently Known**

    a.    Whether Plaintiff was eligible for leave under the FMLA.

    b.    Whether Plaintiff requested leave under the FMLA.

    c.    Whether Plaintiff's employment with Defendant was terminated based on a request for leave under the FMLA.

    d.    Whether Plaintiff had legitimate non-discriminatory/non-retaliatory reasons for terminating Plaintiff's employment and correspondingly whether Defendant's stated reasons for terminating Plaintiff's employment are false and/or a pretext for interference and retaliation.

4. **Whether Discovery Should Be Conducted in Phases**

The parties do not believe discovery should be conducted in phases or limited to particular issues.

5. **Discovery Schedule**

The parties exchanged Rule 26(a) Initial Disclosures prior to the filing of this document.

    a.    The parties propose May 13, 2016, as the deadline to complete all fact discovery.

    b.    The parties propose May 13, as the deadline to complete all expert discovery.

6. **Proposed Deadlines for Joinder of Parties, to Amend the Pleadings and to File and Hear Motions**

   a. The parties propose November 20, 2015, as the deadline to join additional parties and amend the pleadings.

   b. The parties propose June 10, 2016, as the deadline to file all dispositive motions.

   c. The parties propose August 10, 2016, as the deadline to file all pretrial motions, including motions *in limine*.

7. **Proposed Approximate Dates for Final Pre-Trial Conferences and Trial**

   The parties request the trial in this matter be set for a trial period commencing on or after September 26, 2016, and further request a pre-trial conference be held on or before September 12, 2016.

8. **Projected Time for Trial and Statement of Whether Case is Jury or Non-Jury**

   The parties estimate that the jury trial in this case will take approximately 3-5 days.

9. **List of Pending Motions**

   None at this time.

10. **Any Unique Legal or Factual Issues Requiring Special Consideration**

    None known at this time.

11. **References to Special Master or Magistrate**

    The parties do not foresee the need for references to a special master or the magistrate judge.

12. **The Status and Likelihood of Settlement**

The parties have not yet discussed a potential settlement of this case but will explore, in good faith, the possibilities of settlement as contemplated by S.D. Fla. L.R. 16.1 (b)(5), and as this case progresses further.

13. **Other Matters Covered by S.D. Fla. L.R. 16.1(b)**

a. *Disclosure of Electronically Stored Information*: The parties do not believe that there will be discovery of electronically stored information. At this time, such discovery may be produced in paper or electronic form, subject to further order of the Court as may be necessary as discovery proceeds. The parties have agreed to maintain electronically-stored information in existence at the time of this Report relating to the underlying claims.

b. *Possibility Of Obtaining Admissions Of Fact And Of Documents Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity Of Documents And Need For Advance Rulings From The Court On Admissibility Of Evidence*: The parties anticipate that they will confer in good faith and will obtain certain admissions of fact and documents which will avoid unnecessary proof. The parties further anticipate that they will confer in good faith and stipulate to the authenticity of documents about which there is no question of authenticity and will only seek advance rulings from the Court on the admissibility of evidence when the parties cannot agree.

c. *Other Matters:* At this time, the parties are unaware of any other information that may aid the Court in setting the case for status or pretrial conference.

Dated November 2, 2015

Respectfully submitted,

| | |
|---|---|
| /s/ Anthony M. Georges-Pierre | /s/ Eric A. Gordon |
| Anthony M. Georges-Pierre, Esq. | Eric A. Gordon, Esq. |
| Florida Bar No.: 533637 | Florida Bar Number: 071341 |
| Rainier Regueiro, Esq. | Email: eric.gordon@akerman.com |
| Florida Bar No. 115578 | Melissa S. Zinkil, Esq. |
| **REMER & GEORGES-PIERRE, PLLC** | Florida Bar Number: 0653713 |
| 44 West Flagler Street | Email: Melissa.Zinkil@akerman.com |
| Suite 2200 | Sarah J. Lis, Esq. |
| Miami, Florida 33130 | Florida Bar Number: 70747 |
| Telephone: (305) 416-5000 | Email: sarah.lis@akerman.com |
| Facsimile: (305) 416-5005 | AKERMAN LLP |
| Email: agp@rgpattorneys.com | 777 South Flagler Drive, Suite 1100 West |
| Email: apetisco@rgpattorneys.com | West Palm Beach, FL 33401 |
| *Attorneys for Plaintiff* | Phone: (561) 653-5000 |
| | Fax: (561) 659-6313 |
| | *Attorneys for Defendant, TPUSA, Inc.* |